UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CINDY BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 12-2024 |
| STATE OF ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

# REPORT & RECOMMENDATION

In January 2012, Plaintiff Cindy Barrett filed a Complaint (#1) against Defendant State of Illinois Department of Corrections. Plaintiff brings suit for violation of her substantive rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In May 2012, Defendant filed a Motion to Dismiss (#4) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing Plaintiff's complaint is barred by principles of res judicata. Plaintiff responded with a Memorandum of Law in Opposition to Motion to Dismiss (#9). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss **(#4)** be **GRANTED** in part and **DENIED** in part. The Court recommends that the motion be denied with respect to Count I, and granted with respect to Count II.

## I. Background

The following background is taken from Plaintiff's complaint and exhibits to Defendant's motion to dismiss. The Court may take judicial notice of these exhibits, which are public records. *Gen. Elec. Capital Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

Plaintiff was an employee of Defendant from December 1995 until October 2010. At the time of her termination, she worked in the prison's administrative business office.

Throughout this time, Defendant maintained an "Affirmative Attendance Policy."[1] Under this policy, all absences are classified as either authorized or unauthorized. The Affirmative Attendance Policy establishes progressive discipline for each unauthorized absence, and upon an employee's twelfth unauthorized absence, the policy calls for the employee to be terminated.

Plaintiff alleges that between 2003 and 2010, Defendant considered twelve of her absences from work to be unauthorized. As a result, Defendant terminated Plaintiff due to her twelfth supposedly unauthorized absence, which occurred on May 14, 2010.

Plaintiff maintains that at least three of these absences should have been classified as protected under the FMLA, and thus should not have been used for disciplinary purposes. Specifically, Plaintiff alleges that one unauthorized absence in December 2003 was due to her pneumonia, that a second unauthorized absence in December 2004 was due to an emergency medical situation in which Plaintiff needed to provide care to her teenage daughter, and a third unauthorized absence in August 2005 was due to Plaintiff's need for physical therapy following a carpal tunnel surgery.

Following Plaintiff's termination, she challenged Defendant's decision to terminate her before the State of Illinois Civil Service Commission (hereinafter "the Commission"). Administrative Law Judge Andrew Barris found that the Defendant's "written charges for discharge . . . have been proven," and did warrant discharge. (#5-1). A copy of the written charges for discharge, titled "Amended Charges," is included in the record. (#5-1, p. 9). These Amended Charges list Plaintiff's eleven previous unauthorized absences and the discipline she received after each violation. (#5-1, p. 9). The Court notes that, in ALJ Barris's written opinion presented in conjunction with his decision, ALJ Barris only discussed the facts and

---

[1] A copy of the Affirmative Attendance Policy is included in Plaintiff's complaint (#1, p. 11-14).

circumstances of Plaintiff's final unauthorized absence on May 14, 2010, and did not discuss any of the previous absences. (#5-1, p. 8).

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

## III.  Discussion

Plaintiff brings two counts against Defendant:  Count I for violation of Plaintiff's substantive rights under the FMLA, and Count II for retaliation in violation of the Illinois State

3

Officials and Employees Ethics Act. Plaintiff concedes that Count II is barred by Defendant's Eleventh Amendment immunity. (#9, p. 2). As such, this Court recommends that Defendant's motion to dismiss be granted with respect to Count II. In this discussion, the Court will only address the issues related to Plaintiff's FMLA claim presented in Count I.

Defendant argues that Count I of Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because it is barred by res judicata. Defendant's position is that the Commission Decision, with the findings indicated by ALJ Barris, is a final administrative decision that precludes Plaintiff's FMLA claim. In contrast, Plaintiff argues that the Commission Decision was focused on the question of whether Defendant retaliated against her, but did not address whether Defendant failed to provide her with the leave that she should have received under the FMLA. Plaintiff thus indicates that the Commission Decision dealt with substantively different issues than the issues she raises before this Court, and that therefore the Commission Decision should not have preclusive effect.

As an initial matter, the Court must note that the issue of whether a prior administrative proceeding should be given preclusive effect in subsequent FMLA litigation is a question that the Seventh Circuit has not directly addressed. *Webster v. Milwaukee Cnty.*, 731 F.Supp.2d 837, 841 (E.D. Wis. 2010). Defendant relies on a case from the Second Circuit to support the proposition that Congress did not intend to limit the preclusive effect of administrative findings on federal FMLA claims. *See Kosakow v. New Rochelle Radiology Assocs. P.C.*, 274 F.3d 716, 727-29 (2nd Cir. 2001). The Second Circuit in *Kosakow* acknowledged that the FMLA contains no provision dealing with prior state administrative actions, and that therefore the court could not definitively say that Congress intended to limit the roll that a state administrative agency's findings would play in a subsequent claim under FMLA. *Kosakow*, 274 F.3d at 729. Given the lack of a discernable legislative intent on the issue, the Second Circuit relied on state law principles of collateral estoppel to analyze whether a prior determination by the New York State Division of Human Rights had preclusive effect on plaintiff's subsequent FMLA claim. *Id*.

4

The approach adopted in *Kosakow* has apparently not been rejected by various district courts, nor has the approach been thoroughly embraced. *See Webster*, 731 F.Supp. at 842. Our sister court has noted that it could not identify "any court that has disagreed with the Second Circuit and held that a prior administrative proceeding should never be afforded preclusive effect in a subsequent FMLA claim." *Id*. At the same time, several district courts presented with the question did not directly address the matter, but rejected any preclusion arguments before them due to the scope or authority of the prior administrative proceedings at issue. *See Id*. This Court adopts the approach articulated in *Kosakow* and utilized by our sister court in *Webster*. As such, this Court will rely on state law principles of collateral estoppel to analyze whether the prior determination by the Commission precludes Plaintiff's FMLA claim in this case.

Defendant argues that Plaintiff's claim is precluded by res judicata, or in the alternative, by collateral estoppel. The elements of res judicata are: (1) a final judgment on the merits; (2) an identity of cause of action; and (3) an identity of parties or their privies. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). The elements of collateral estoppel are: (1) a material fact issue decided in the earlier adjudication that is identical to the one in the current proceeding; (2) a final judgment on the merits in the earlier adjudication; and (3) identical parties or those in privity with the original parties. *Goodwin v. Bd. of Trs.*, 442 F.3d 611, 621 (7th Cir. 2006) (citing *Vill. of Oak Park v. Ill. Dep't of Emp't Sec.,* 772 N.E.2d 951, 953 (Ill. App. Ct. 2002)). Plaintiff concedes that there was a final judgment on the merits in the prior administrative proceeding, and that the proceeding involved identical parties. The only issues this Court must consider is whether there was an identity of cause of action, or a material fact issue decided in the earlier proceeding that is identical to one in this current proceeding, which would cause Plaintiff's claim to fail as a matter of law.

To begin, Plaintiff argues that there is no identity in cause of action because the question before the Illinois Civil Service Commission dealt with a charge of retaliation, and did not consider whether there was any violation of FMLA. Indeed, the main duties of the Commission are to hear appeals of state employees regarding discharge and other employment actions, and to determine if there has been any violation of the Personnel Code and Rules. *Powers v. Richards*,

5

549 F.3d 505, 508 (7th Cir. 2008). There is no indication that the Commission had the authority to adjudicate an FMLA claim of the nature presented here, or that it actually attempted to do so. *See Webster*, 731 F.Supp.2d at 844 (finding an administrative decision had no preclusive effect where the agency had no authority to adjudicate an FMLA claim). Based on the Commission Decision, it appears that the Commission merely determined that Plaintiff had been disciplined eleven times previously for unauthorized absences, and that under the circumstances of her final absence, Defendant did not violate the Rules of the Civil Service Commission or misapply the Affirmative Attendance Policy by terminating her. (#5-1). This Court concludes that there is no identity in cause of action, and so Plaintiff's present FMLA claim is not barred by res judicata.

Next, considering collateral estoppel, the Court must determine whether any issue of material fact was decided by the Commission that would preclude Plaintiff's claim at this stage in litigation. Defendant argues the Commission did make a determination as to a material fact, in that the Commission determined that her absence on May 14 was her twelfth unauthorized absence. However, the Court notes that the Commission Decision focuses entirely on Plaintiff's final absence, and does not discuss any of the facts relevant to her previous absences, which are the basis of Plaintiff's FMLA claim. In essence, there is no overlap between the findings of fact in the Commission Decision and the facts set forth in Plaintiff's complaint, other than the fact that she was reprimanded or suspended on multiple occasions for allegedly unauthorized absences. The Commission Decision does not address whether it was proper for Defendant to reprimand or suspend Plaintiff for these absences under FMLA. This Court therefore concludes that the Commission did not make any determinations regarding any material fact that would preclude Plaintiff's FMLA claim at this stage in litigation.

### IV. Summary

For these reasons, the Court recommends that Defendant's Motion to Dismiss **(#4)** be **GRANTED** in part and **DENIED** in part. The Court recommends that the motion be denied with respect to Count I, and granted with respect to Count II.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of June, 2012.

                                                 s/DAVID G. BERNTHAL
                                       UNITED STATES MAGISTRATE JUDGE